**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LML HOLDINGS, INC.,**<br><br>   **Plaintiff,**<br><br>   vs.<br><br>**PACIFIC COAST DISTRIBUTING INC.** *et al.*,<br><br>   **Defendants.** | Case No.: 11-CV-06173 YGR<br><br>**ORDER DENYING MOTION OF DEFENDANTS TO TRANSFER; AND DENYING MOTION TO STAY** |

Plaintiff LML Holdings, Inc. ("LML") alleges that Defendants Pacific Coast Distributing, Inc. ("Pacific"), PetSmart, Inc. ("PetSmart"), PetSmart Store Support Group, Inc. ("PSSG"), and Coastal Pet Products, Inc. ("Coastal") (collectively "Defendants") have infringed three of its dog harness patents. LML's four count Second Amended Complaint ("SAC") asserts a single claim of direct patent infringement against each of the four Defendants. Each Defendant answered and filed a counterclaim seeking declaratory judgments of non-infringement and invalidity.

Defendants have filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) on the grounds that although venue is proper in the Northern District of California, the convenience of the parties and the interests of justice favor transfer to the Northern District of Ohio. Defendants also filed a Motion to Stay Procedural Schedule Pending Resolution of the Motion to Transfer.

Having carefully considered the papers and evidence submitted, and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** both motions.[1]

**I.   BACKGROUND**

Plaintiff LML is a California corporation with its principal place of business in Union City, California. LML is the owner of three patents that claim, among other things, an animal training

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that both motions are appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearings set for July 24, 2012 and August 7, 2012.

apparatus for dogs in the form of a harness that incorporates features to enhance the training and control of the animal. The named inventor on the patents, Linda Lady, and her husband, Michael Lady, founded LML as a holding company for the patents. The Lady's trading company, Softouch, licenses and sells the LML SENS-ible™ product, which implements the design that is the subject matter of its patents. LML alleges that each Defendant has infringed on its patents by making, using, importing, distributing, offering for sale, and selling a walking harness that is a knock-off of its SENS-ible™ product, marketed under the name Top Paw™.

Coastal, the designer, manufacturer and importer of the allegedly infringing products, maintains its principal place of business in Alliance, Ohio. The accused products were designed, developed, and manufactured in Alliance, Ohio, and were delivered to the other Defendants in Alliance, Ohio. Employees of Coastal with knowledge of these activities and the records pertaining to these allegedly infringing activities are located in Ohio. The other three Defendants are Delaware corporations with their principal places of business in Phoenix, Arizona. Additionally, one non-party witness with potentially discoverable information regarding prior art that is potentially relevant to Defendants' defense and Counterclaims resides in Ohio.

## II. DISCUSSION

Defendants argue that transfer is warranted because the Northern District of California lacks a significant connection to the allegations in the Complaint and characterize LML as a "patent troll" without any business presence within the Northern District of California.[2] Defendants do not contend that venue is improper here, only that the convenience of the parties and the interests of justice favor transfer to the Northern District of Ohio.

### A. TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking transfer to an alternate forum bears the burden to show that: (1)

---

[2] Defendants argue at great length that because the named inventors created a holding company which itself has brought suit that they should be classified as "patent trolls" and not be afforded the same deference in terms of venue selection. While the Court need not reach this issue, it does note that the classic definition of a non-practicing entity, or patent troll, does not envision an entity which the patent inventors themselves wholly own.

that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Hoffman v Blaski,* 363 U.S. 335, 343-44 (1960); *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).[3]

### B. WHETHER THE ACTION MIGHT HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF OHIO

The threshold issue is whether the action "might have been brought" in the transferee district, in this case the Northern District of Ohio. A district is one in which the action "might have been brought" so long as jurisdictional and venue requirements would have been satisfied. *See Hoffman, supra*, 363 U.S. at 365 (noting that it is immaterial that the defendant subsequently consents or waives venue or personal jurisdiction). If the moving party fails to establish that the lawsuit "might have been brought" in the transferee district, the inquiry ends and the motion must be denied.

The relevant venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of venue, a corporate defendant "resides" in any district where it is subject to personal jurisdiction and is "found" in any district where its officers or agents are carrying on its business. *See* 28 U.S.C. § 1391(c); *King v. Vesco*, 342 F. Supp. 120, 122 (N.D. Cal. 1972).

Defendants argue that venue is proper in the Northern District of Ohio because: (1) Coastal resides in Alliance, Ohio, which is in the Northern District of Ohio; (2) PetSmart has a "strong retail presence within the Northern District of Ohio," including 19 retail stores; and (3) Pacific and PSSG are affiliates of PetSmart. In support of their motion to transfer, Coastal has submitted the Declaration of Rob Edmund, Vice President and Associate General Counsel for PetSmart, Dkt. No. 37, Ex. C ("Edmund Dec."). As pertinent here, Mr. Edmund declares that: PetSmart, Pacific, and PSSG are Delaware corporations with principal places of business in Phoenix, Arizona. *Id*. ¶¶ 2, 3, 5. PetSmart has a strong retail presence within the Northern District of Ohio, having 19 retail stores at

---

[3] Although this is a patent case, because a motion to transfer does not involve substantive issues of patent law, this court applies the law of the regional circuit in which the district court sits, here, the Ninth Circuit. *See in re TS Tech United States Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

which it sells pet products manufactured and/or imported by Coastal, including those sold nationwide under the "Top Paw" trademark owned by PetSmart. *Id*. ¶ 7. Pacific is a wholly owned subsidiary and affiliate of PetSmart, organized to establish proprietary brands to be used by PetSmart. *Id*. ¶¶ 2, 5. Pacific currently has no operations or assets. *Id*. ¶ 5. PSSG also is an affiliate of PetSmart's. PSSG's business is to provide administrative and support services to PetSmart. *Id*. ¶ 5.

In its opposition brief LML argues that Defendants fail to carry their burden to present evidence that venue is proper as to *all* Defendants in the Northern District of Ohio because there is no evidence that either Pacific or PSSG committed acts of infringement in the Northern District of Ohio or have a regular and established place of business there. In reply, Defendants asserts, without any support, that "[e]ach Defendant has admitted to doing business within the Northern District of Ohio." This *ipse dixit* assertion runs counter to the evidence submitted in support of the motion – that Pacific has no operations or assets, and that PSSG, which has its principal place of business in Phoenix, Arizona, is in the business of providing administrative and support services to PetSmart, which also has its principal place of business in Phoenix, Arizona. *See* Edmund Dec. ¶ 5.

Based on the foregoing analysis, the Court concludes that Defendants have failed to meet their burden to show that this case "might have been brought" in the Northern District of Ohio. Therefore, the Court **DENIES** the motion to transfer.

### III. CONCLUSION

For the reason set forth above, the Motion to Transfer is **DENIED**. The Motion to Stay Pending resolution of the Motion to Transfer is **DENIED AS MOOT**.

This order terminates Docket Numbers 37 & 38.

**IT IS SO ORDERED**.

**Date: July 20, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**