UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LML HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC COAST DISTRIBUTING INC. *et al.*, <br><br> Defendant(s). | Case No.: 11-CV-06173 YGR <br><br> ORDER CONTINUING *MARKMAN* HEARING; AND REQUIRING SUPPLEMENTAL BRIEFING |

The Court has reviewed the papers submitted by the parties in connection with the Claim Construction Hearing set for February 1, 2013 and has determined that supplementation of the record and further briefing is necessary.

The Court **CONTINUES** the February 1, 2013 *Markman* Hearing and **SETS** the following supplemental briefing schedule:

| Event | Date |
|---|---|
| Parties to File Amended Joint Claim Construction Statement | February 8, 2013 |
| Plaintiff to File Supplemental Claim Construction Brief | February 18, 2013 |
| Defendants to File Supplemental Claim Construction Brief | February 25, 2013 |
| *Markman* Hearing | March 13, 2013 at 2:00 p.m. |

**AMENDED JOINT CLAIM CONSTRUCTION STATEMENT**: The parties' Amended Joint Claim Construction Statement must contain *all* required information, including the following previously omitted information:

- Impact statement (*see* Standing Order for Patent Cases ¶ 1; Transcript of July 23, 2012 Case Management Conference, Dkt. No. 70, at 8:19-22);
- The claim in which the disputed claim language is found (*see* Standing Order for Patent Cases ¶ 1); and
- Copies of all patents in dispute (*see* Standing Order for Patent Cases ¶ 2).

The parties may wish to refer to the model construction statement attached to the Court's Standing Order for Patent Cases.

**SUPPLEMENTAL BRIEFS**: In fifteen pages or less, the parties must address the following issues:

- *"Ordinary and customary meaning"*: why is the proposed construction of the disputed claim language the meaning it would have to a person of ordinary skill in the art who read the claims, in the context of the description of the invention, in the specification and the prosecution history;
- *Claim Language*: Identify the claim(s) in which the disputed claim language appears;
- *Specification*: (1) Identify where the disputed claim language appears in the specification and (2) explain why the proposed construction is consistent with the patent's specification;
- *Prosecution History*: If the prosecution history will inform the meaning of the claim language, the party relying upon the prosecution history: (1) first must set forth the ordinary meaning of the claim language in view of the specification of which it is a part; and then (2) second, explain how the inventor changed the claim scope during the prosecution history;
- *Extrinsic Evidence*: Where a party believes extrinsic evidence will aid the Court, that party still needs to (1) reference the relevant intrinsic evidence; (2) explain why the meaning of

the claim language cannot be ascertained from that intrinsic evidence; and (3) explain why the chosen source for the extrinsic evidence is the appropriate source (*e.g.*, technical dictionary, learned treatise) from which to ascertain the true meaning of the disputed claim language;

- *Evidence*: Citations to the evidence should provide sufficient information to allow the Court to find the cited material quickly and easily. Any evidence relied upon by a party—in an Opening Claim Construction Brief or a Supplemental Brief—must be a part of the record (*see* Patent Local Rule 4-5), and be cited in the brief.

**IT IS SO ORDERED**.

Date: January 29, 2013

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**