

WRITER'S DIRECT DIAL & EMAIL
(650) 812-3415
clark@carrferrell.com

March 21, 2013

The Hon. Yvonne Gonzalez-Rogers
United States District Court for the Northern District of California
Ronald V. Dellums Federal Building
1301 Clay Street, Courtroom 5, Second Floor
Oakland, CA 94612

<u>LML Holdings, Inc. v. Pacific Coast Distributing et al.: Case No. 11-CV 06173 YGR:
Request For Leave To File Summary Judgment Motion</u>

Dear Judge Gonzalez-Rogers:

    This letter is written to you pursuant to paragraph 9(a) of your Standing Order in Civil Cases, for purposes of requesting leave for plaintiff LML Holdings, Inc. ("LML") to file a motion for partial summary judgment on the issue of infringement.

    LML believes that no genuine dispute exists as to any material fact relating to the issue of infringement. Specifically, it is indisputable what the features of the accused Top Paw harness product are, and it can be shown to also be indisputable that those features implement all elements of the claims asserted against the accused product. These indisputable facts can be established by a simple element by element comparison of the terms of the asserted claims with the features of the accused product.

    Under the circumstances, no complicated analysis is required for purposes of adjudicating the infringement issue. The inquiry as to each claim term involves straightforward issues such as whether the forechest strap of the accused product is "configured to be positioned across a forechest of an animal across its shoulders." Whether other claim elements are implemented in the accused product involve similarly straightforward analyses. No expert evidence will be presented in support of the motion – LML will simply ask the Court to find that on the indisputable evidence LML is entitled to partial summary judgment, because this is not a situation that "require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.* 718 F.2d 897, 902 (9th Cir. 1983) )(citing *First National Bank v. Cities Service Co.,* 391 U.S. 253, 288-90, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968)).

    A summary judgment motion by LML will be capable of presenting the infringement issue for adjudication to the Court by way of declarations and supporting photographs of each infringing feature of the accused product, and by the submission of a sample accused product as a declaration exhibit.

The Hon. Yvonne Gonzalez Rogers
United States District Judge
March 21, 2013
Page Two


The interests of judicial economy, of the simplification of the issues, and of the reduction of expense, all weigh heavily in favor of leave being given to file a motion for partial summary judgment at this time. Expense of litigation is an especially important consideration here, given the David and Goliath nature of this litigation, with husband and wife business plaintiff LML facing an array of well-funded defendants, including the huge nationwide PetSmart group.

If the motion is granted – as LML expects that it will be – the scope and duration and expense of this litigation will be greatly reduced. For example, the volume of proposed jury instructions and produced special verdicts will be substantially reduced, as will the scope of the issues that will need to be covered in the pretrial statement and pretrial conference, in trial preparation generally, and at trial.

Additionally, eliminating infringement as an issue and focusing the trial on the remaining issues of the invalidity defense and compensation for infringement is likely to significantly enhance the prospects of a negotiated settlement.

Given defendants' consistently-implemented strategy of delay and obstruction,[1] it is predictable that defendants will vigorously oppose the granting of leave to LML to file a motion for summary judgment. Defendants may invoke the fact that the Markman hearing has not yet been held as a reason for delaying a summary judgment motion. However, as will be apparent to the Court from a review of the pre-Markman hearing papers submitted to date, the eight terms presented for construction (only two of which LML considered appropriate for construction) do not present any difficult issues of construction, and can be construed based on the ordinary meaning of those terms. Thus, a summary judgment motion could readily be heard in conjunction with the Markman hearing, or soon after the Markman hearing.

The parties will hopefully be in a position to submit proposed Markman hearing dates to the Court before the end of this week, after some availability of counsel issues are resolved. If, as seems likely, the Markman hearing occurs in May, there is no reason why LML's summary judgment motion should not be heard at the same time. To the extent that the briefing schedule on the summary judgment motion has to be modified to accommodate a common Markman and summary judgment motion hearing, LML will stipulate to such a modification, and also to accepting a disproportionate limitation on its briefing time so that the Court and defendants are not adversely impacted.

Based on the foregoing, LML respectfully requests that the Court should grant it

---

[1] For example, defendants' repeated unsuccessful Rule 12(b)(6) challenges to even the infringement claim when challenging the enhanced damages claim, the motion to transfer the action to Ohio, the pattern of obstruction of LML's discovery, and the propounding of abusive discovery requests to LML.

{00683189v1}

The Hon. Yvonne Gonzalez Rogers
United States District Judge
March 21, 2013
Page Three


leave to file a motion for partial summary judgment on the issue of infringement. LML further respectfully requests that the summary judgment motion should be set for hearing together with the Markman hearing, or alternatively as soon as possible after the Markman hearing.

Respectfully submitted,

Stuart C. Clark


cc.     Ray L. Weber, Esq.(by email - rlweber@rennerkenner.com)
        Laura Gentilcore, Esq. (by email – ljgentilcore@rennerkenner.com)
        Colby B. Springer, Esq. (by email – CSpringer@LRLaw.com)

{00683189v1}