

WRITER'S DIRECT DIAL & EMAIL
(650) 812-3415
clark@carrferrell.com

April 2, 2013

The Hon. Yvonne Gonzalez-Rogers
United States District Court for the Northern District of California
Ronald V. Dellums Federal Building
1301 Clay Street, Courtroom 5, Second Floor
Oakland, CA 94612

LML Holdings, Inc. v. Pacific Coast Distributing et al.: Case No. 11-CV 06173 YGR:
Request For Leave To File Summary Judgment Motion

Dear Judge Gonzalez-Rogers:

This letter is written pursuant to your order dated March 29, 2013, and paragraph 9(a) of your Standing Order in Civil Cases, for purposes of further supporting the request of plaintiff LML Holdings, Inc. ("LML") for leave to file a motion for partial summary judgment on the issue of infringement.

As directed by your order, this letter provides the following explanation of the grounds for the motion.

LML alleges that defendants have all directly infringed U.S. Patent Nos. 7,886,699 (the "'699 Patent"), 7,387,087 (the "'087 Patent"), and 7,107,939 (the "'939 Patent")(jointly called the "Patents at Issue") by importing, distributing, offering for sale, and selling the accused Top Paw walking harness (the "Top Paw Product"). Complaint, ¶¶ 10-14. The invention claimed by all of those patents is an animal harness, or "animal training apparatus" in the language of the patents.

The accused The Top Paw Product is depicted on its packaging as follows:



The Hon. Yvonne Gonzalez Rogers
United States District Judge
April 2, 2013
Page Two

The independent claims of each of the patents at issue generally claim at least the following four basic elements, namely:

(a) a forechest strap configured to be positioned across a forechest of an animal across its shoulders;

(b) a back strap configured to be positioned across a back of an animal at or behind its shoulders;

(c) a girth strap configured to be positioned across a girth of the animal behind the front legs on an underside of the animal, wherein respective opposite ends of the forechest strap, the back strap and the girth strap are coupled together; and,

(d) a leash connector attached to an intermediate position on the forechest strap and configured for attachment of a leash.[1]

Other independent claims describe and/or add slight variations of the above elements, for example relating to the location of the coupling together of the forechest strap, back strap and girth strap,[2] and relating to characteristics of the configuration of the leash connector and forechest strap.[3] Some of these variations and characteristics are claimed in dependent claims.[4]

Whether or not the Top Paw Product implements the foregoing claim elements can be readily demonstrated in the context of a summary judgment motion by presenting to the Court, as exhibits to an authenticating declaration, photographs that indisputably show how each such element is implemented in the Top Paw product.

The above depiction of the Top Paw Product from its packaging illustrates how the indisputable evidence will enable the Court to find that the forechest strap of the Top Paw Product is configured to be positioned across a forechest of an animal across its shoulders, that the back strap is configured to be positioned across a back of an animal at or behind its shoulders, that the girth strap is configured to be positioned across a girth of the animal behind the front legs on an underside of the animal, wherein respective opposite ends of the forechest strap, the back strap and the girth strap are coupled

---

[1] '699 Patent, Claim 4.

[2] For example, '699 Patent, Claim 1, '087 Patent Claims 4, 5, 6, and 16, 19 and 20, and '939 Patent, Claim 6.

[3] For example, '699 Patent, Claim 1, and '087 Patent, Claims 1, 3, 5, 6, 7, 13, 14, 16, 19 and 20.

[4] For example, '699 Patent, Claims 5 and 7.

{00684855v1}

The Hon. Yvonne Gonzalez Rogers
United States District Judge
April 2, 2013
Page Three

together; and that the leash connector is attached to an intermediate position on the forechest strap and configured for attachment of a leash.

In similar fashion, implementation of the elements of the independent claims that contain variations of the above elements can be shown, as can implementation of the elements of the dependent claims.

Based on LML's proposed showing, the Court will be put in a position to find that no genuine dispute exists as to any material fact relating to the issue of whether or not the Top Paw Product implements the asserted claims of the Patents at Issue. Such a finding should follow because by a simple element by element comparison of the asserted claims with the features of the accused product, as described above, the Court will be able to find that: (1) it is indisputable what the features of the accused Top Paw Product are; and (2) it is indisputable that the Top Paw Product implements all elements of the asserted claims.

Under the circumstances, the analysis that is required for purposes of adjudicating the infringement issue does not require the adjudication of any genuinely-disputed material issue of fact. LML will simply ask the Court to find that on the indisputable evidence LML is entitled to partial summary judgment, because this is not a situation that "require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.* 718 F.2d 897, 902 (9th Cir. 1983)(citing *First National Bank v. Cities Service Co.,* 391 U.S. 253, 288-90, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968).

The interests of judicial economy, of the simplification of the issues, and of the reduction of expense, all weigh heavily in favor of leave being given to file a motion for partial summary judgment at this time. Expense of litigation is an especially important consideration here, given the David and Goliath nature of this litigation, with husband and wife business plaintiff LML facing an array of well-funded defendants, including the huge nationwide PetSmart group.

If the motion is granted – as LML expects that it will be – the scope and duration and expense of this litigation will be greatly reduced. For example, the volume of proposed jury instructions and proposed special verdicts will be substantially reduced, as will the scope of the issues that will need to be covered in the pretrial statement and pretrial conference, in trial preparation generally, and at trial.

Additionally, eliminating infringement as an issue and focusing the trial on the remaining issues of the invalidity defense and compensation for infringement is likely to significantly enhance the prospects of a negotiated settlement.

The Hon. Yvonne Gonzalez Rogers
United States District Judge
April 2, 2013
Page Four


        Based on the foregoing, LML respectfully requests that the Court should grant it
leave to file a motion for partial summary judgment on the issue of infringement.  LML
further respectfully requests that the summary judgment motion should be set for hearing
on the earliest available date, preferably no later than May this year.



                        Respectfully submitted,


                        Stuart C. Clark


cc.     Ray L. Weber, Esq.(by email - rlweber@rennerkenner.com)
        Laura Gentilcore, Esq. (by email – ljgentilcore@rennerkenner.com)
        Colby B. Springer, Esq. (by email – CSpringer@LRLaw.com)