STUART C. CLARK (SBN 124152)
clark@carrferrell.com
MARCUS YANG (SBN 273509
myang@carrferrell.com
**CARR & FERRELL, LLP**
120 Constitution Drive
Menlo Park, California  94025
Telephone:    (650) 812-3400
Facsimile:     (650) 812-3442

Attorneys for Plaintiff
LML HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LML HOLDINGS, INC., a corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC COAST DISTRIBUTING, INC., a corporation, PETSMART, INC., a corporation, PETSMART STORE SUPPORT GROUP, INC., a corporation, and COASTAL PET PRODUCTS, INC., a corporation;<br><br>　　　　　　Defendants. | CASE NO.  CV11-06173 YGR<br><br>**RESPONSE OF PLAINTIFF LML HOLDINGS, INC. TO ORDER TO SHOW CAUSE, AND CROSS MOTION FOR POSTPONEMENT OF HEARING AND LEAVE TO FILE CONFORMING BRIEF**<br><br>Date:　　June 14, 2013<br>Time:　　9:01 a.m.<br>Court:　　Courtroom 5, Second Floor<br>Judge:　　Hon. Yvonne Gonzalez-Rogers |

## I.　　**INTRODUCTION**

Unfortunately, in litigation, as in life, things don't always work out as planned, or as may be required by court orders and court rules.  Such a situation occurred in connection with the filing of the reply brief of plaintiff and cross defendant LML Holding, Inc. ("LML") in support of its motion for summary judgment.  That reply brief was filed on May 29, 2013 – i.e. a day late – because due to unexpected circumstances counsel for LML was unable to complete the brief in time for it to be filed by the required date.  In addition, because of the rush to get the brief filed by 5:00 p.m. one day later,

counsel for LML inadvertently exceeded the page limit specified in the local rule, and the brief was two pages too long (or three pages if the signature page is counted).

The sole effect on defendants of the late filing is that they will have 28 days instead of 29 days to prepare their responsive argument to present at the hearing of the summary judgment motion, which is set for June 25, 2013.  Indeed defendants do not even argue that they have sustained any prejudice.  Moreover, it seems highly unlikely that the Court would have been inconvenienced in any way by the late filing.

The inconvenience to the Court of being presented with an additional two pages of brief, while regrettable, should not impose any significant additional burden either.  Nor do those two pages impose any significant burden on defendants.  Moreover, LML offered to file an amended brief that complied with the page limitations, if defendants would so stipulate, but defendants refused.

For the foregoing reasons the late filing and the oversight with respect to the page limitation will have no significant adverse effect on the Court or the defendants.  Moreover, given the complex issues concerning the summary judgment motion that are raised in defendants' opposition, and are responded to in the reply brief, the reply will undoubtedly be helpful to the Court in its consideration and adjudication of the motion.  Thus, the absence of prejudice and any significant inconvenience, and the inadvertent and unintentional nature of the failures of compliance with the briefing schedule and the page limits, render it inappropriate that any sanction should be imposed on LML or its counsel.

In addition, the impracticality of LML's counsel attending a hearing on June 14, 2013, render it just and equitable that if the Court still requires a hearing after considering this brief it should be postponed until after counsel's return from vacation.  Finally, the interests of justice dictate that there is good cause for the reply brief to be considered by the Court, and that it should not be stricken.

LML therefore respectfully requests that no sanctions be imposed, that that the show cause hearing be taken off calendar or postponed until on or after June 19, and that if the Court requires a page limit compliant reply brief, LML should be granted leave to file an amended brief that does not

exceed fifteen pages in length.

## II. FACTS

The briefing schedule established by the Court for the summary judgment motion that is set for hearing on June 25, 2013 required that the motion be filed by April 16, that the opposition be filed by May 14 and that the reply be filed by May 28.  The motion was filed on April 16, the opposition at 6:02 p.m. on May 14, and the reply at 4:56 p.m. on May 29, 2013.

The reason for the late filing of the reply brief is that on May 28, 2013, as counsel for LML was in the process of finalizing what he expected would be the brief that would be filed that day, it became apparent that the responses to certain of defendants' arguments would be more effective and accurate if the focus and analysis in the brief were to be differently presented.[1]  This decision required a significant rewriting and editing of the brief, and the conforming of various parts of the brief to accord with the revised focus and presentation.  As a result the brief could not be finished that day, and had to be filed the following day.

As will be apparent from the opposition and the reply, the arguments presented relate to sophisticated and sometimes arcane aspects of patent law and claim construction, including but not limited to issues concerning the identification and effect of functional claim language.  Thus, the reply was not the kind of brief that could simply be modified and signed off without careful consideration of the case law and other sources.

The reply was not filed late due to any undue delay by counsel for LML in writing the brief. The fact that counsel for LML spent May 20 through 22 taking four depositions in this case in Ohio obviously did not help to expedite the brief-writing process, but a complete initial draft of the reply was nevertheless written and sent to LML's brief-review team before 4:00 p.m. on May 27, i.e. Memorial Day.  However, as indicated above, the review and editing process took significantly longer than was expected, for the reasons discussed above, resulting in what became the unavoidable consequence of missing the filing deadline.

---

[1] Declaration of Stuart Clark dated June 6, 2013, paragraph 2.  The other factual statements in this brief are also supported by that declaration.

{00698888v1}   3
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND CROSS MOTION
CASE NO. CV11-06173 YGR

In rushing to get the brief filed before the 5:00 p.m. close of business on May 29, counsel for LML did not specifically check the reply brief page limits, and was under the general misapprehension that the limit was at least 20 pages. It was not until counsel for defendants emailed at 5:28 p.m. on May 29 to object to the timing of the filing that counsel for LML checked the rule and was reminded of the fifteen page limit.

### III.     ARGUMENT

#### A.     No Sanctions Should Be Imposed For LML's Inadvertent And Unintentional Late Filing Of A Deficient Reply Brief

As is explained above, the late filing of the reply brief was caused by the unfortunate coincidence of an unexpected need to reformulate certain arguments, while the noncompliance with the page limits was caused by haste to get the brief on file no later than one day after the due date and the concomitant inadvertent failure to check the page limits. But for the need to reformulate the brief it would have been filed in time - as it was on track to be filed.

No undue inconvenience to the Court or defendants' counsel resulted from these unintended and inadvertent failures with respect to the filing date and page limit, and defendants have not been prejudiced by having 28 rather than 29 days to prepare their responsive oral argument to the reply brief. Nor have defendants been prejudiced in any other way, as their motion to strike implicitly concedes by not even arguing the existence of any prejudice. Under the circumstances, the imposition of sanctions in the form of striking the reply brief, or in the form of the imposition of sanctions on counsel, would not serve any litigation management objective or otherwise be appropriate. Thus, LML and its counsel respectfully request that no such sanctions be imposed.

#### B.     If The Court Requires A Show Cause Hearing It Should Be Held After The Return Of LML's Counsel To The USA

If the Court declines to take the show case hearing off calendar for June 14, LML and its counsel respectfully request that the hearing should be rescheduled for a time after the return of LML's counsel to the United States. No other attorney at Carr & Ferrell LLP has knowledge of the issues presented by the Court's order to show cause dated June 5, 2013 to adequately represent LML and its lead counsel (Stuart Clark) in the show cause proceedings. LML's lead counsel is scheduled

1  to be back in his office on June 19, and can appear on that day, or on such other date thereafter as my
2  be convenient to the Court.

3      Requiring LML's counsel to make an unscheduled 12,000 mile trip back from South Africa,
4  on eight days notice, thereby interrupting a long-planned vacation with his entire family, is not
5  warranted to address issues presented by a brief that is one day late and two pages too long.

6      There is no reason why any issues that are not addressed to the Court's satisfaction by this
7  brief should not be addressed five or more days later than the scheduled June 14 show cause hearing
8  date.

9      Under the circumstances, if the Court is not persuaded by this brief that a show cause hearing
10 is unnecessary, LML and its lead counsel respectfully request that the hearing be postponed to
11 June 19 or thereafter.

12     **C.   Alternatively LML Should Be Granted Leave To File A Conforming Brief**

13     For the reasons discussed in Part III(A), above, no useful purpose would be served by
14 striking the reply brief.  Indeed, as is discussed above, striking the brief would increase the burden
15 on the Court, by requiring it to devote resources to independently identify the arguments and issues
16 and case law set out in the reply.  Under the circumstances, LML respectfully reiterates that the reply
17 brief should not be stricken.

18     If despite the foregoing the Court feels that the excess pages do impose a significant burden,
19 or the Court would rather work from a required-length brief, LML respectfully requests that it should
20 be granted leave to file an amended brief that does not exceed fifteen pages in length.

21
22 Date:  June 6, 2013                CARR & FERRELL, LLP
23
24                                     By:   _____/s/ Stuart C. Clark_____
25                                          STUAT C. CLARK
26                 Attorneys for Plaintiff
                            LML HOLDINGS, INC.
27
28